Filed 11/9/21  P. v. Hone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092705 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE018975) |
| v. | |
| DEVIN MYLES HONE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Devin Myles Hone filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.  However, we shall direct the clerk to correct a clerical error in the abstract of judgment.

BACKGROUND[1]

In October 2019, the victim left his truck running outside his daughter's house in Sacramento when defendant hopped in the truck and drove off.  The victim followed

---

[1]     We recount the facts based on the preliminary hearing transcript, which the parties stipulated to as the factual basis for defendant's plea.

1

defendant in another vehicle and confronted him when defendant stopped the truck at an intersection. Defendant fled from the truck and ran to a nearby shopping center, where he was later apprehended and identified by the victim and another witness. He initially gave police a false name, but later admitted his true identity.

Defendant was initially charged with taking or driving a vehicle worth more than $950 without the owner's consent, with a prior strike conviction, falsely representing and identifying himself to a police officer for purposes of evasion, and unlawfully driving a motor vehicle when driving privileges were suspended or revoked. Following a preliminary hearing in December 2019, defendant was held to answer only on the false identification charge.

Nevertheless, the prosecutor charged defendant in superior court with receipt of a stolen vehicle worth more than $950 and falsely identifying himself to a police officer for purposes of evasion. In January 2020, the prosecutor moved to dismiss and refile the case against defendant, stipulating to a "first bite" pursuant to Penal Code[2] section 1387.2.

The People then filed a second felony complaint charging defendant with taking or driving a vehicle valued at more than $950 without the owner's consent and receipt of a stolen vehicle worth more than $950. A strike prior was also alleged.

At a second preliminary hearing on January 28, 2020, the court held defendant to answer on both counts. Defendant did not waive time, and trial was set for March 18, 2020, with the 60th day being March 30, 2020.

On March 4, 2020, Governor Gavin Newsom declared a state of emergency in response to the global outbreak of COVID-19. On March 17, 2020, prior to the date set for trial, the Chief Justice of California, Tani G. Cantil-Sakauye, in her capacity as chair

---

[2]    Further undesignated code sections are to the Penal Code.

of the Judicial Council, issued an emergency order pursuant to Government Code section 68115 extending the time period under section 1382 within which a trial must be held by not more than 30 days for cases in which the statutory deadline otherwise would expire from March 17, 2020 to April 16, 2020, inclusive.

The following day, on March 18, 2020, the district attorney requested a continuance based on the Chief Justice's emergency order. Over defendant's objection, the court continued defendant's trial to April 23, 2020, beyond the original 60th day.

On March 19, 2020, Sacramento County issued a "shelter in place" order requiring residents of the county to remain in their homes except when engaging in essential activities. That same day, Governor Newsom issued a similar shelter in place executive order.

On March 23, 2020, Chief Justice Cantil-Sakauye issued a statewide emergency order suspending all jury trials and continuing them for a period of 60 days. The Chief Justice also extended by 60 days the time period provided for in section 1382 for holding a criminal trial.

On March 27, 2020, Governor Newsom issued Executive Order N-38-20. The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt.

On March 30, 2020, the Chief Justice issued a statewide emergency order authorizing superior courts to issue implementation orders that "[e]xtend the time period provided in section 1382 . . . for the holding of a criminal trial by no more than 60 days from the last date on which the statutory deadline otherwise would have expired." The order further provided that there was good cause to "Order that the 60-day continuance of jury trials, which I authorized in my order of March 23, 2020, is to be calculated from the date for which the trial was set or extended as provided in" the order. In response, the

3

presiding judge of the Sacramento County Superior Court issued an implementation order extending the time period provided in section 1382 for the holding of a criminal trial by no more than 60 days. The presiding judge also limited access to the superior court to those with scheduled hearings, their counsel, and witnesses, from April 1 through April 16, 2020, and later extended the court closures from April 16 to May 15, 2020.

Effective April 6, 2020, the chairs of the Judicial Council's six internal committees recommended that the Judicial Council adopt proposed emergency rules, including emergency rule 4, which established a statewide emergency bail schedule that set bail at $0 for most misdemeanor and lower-level felony offenses and included other specified provisions.

Defendant requested that the court reduce his bail to $0 under the emergency rule, and the People opposed the request based on defendant's lengthy criminal history and prior failures to appear. The court agreed with the People and denied the request to reduce bail.

On April 17, 2020, defendant filed a petition for writ of mandate or habeas corpus challenging the trial court's order denying his request to reset bail at $0 under the emergency rule. (See *In re Devin Myles Hone* (May 15, 2020, C091834).) This court denied the petition on May 15, 2020 (*ibid.*), and the Supreme Court denied his petition for review on July 15, 2020 (*Hone*, S262342).

On April 29, 2020, the Chief Justice issued another statewide emergency order, providing: "The 60-day continuance of criminal jury trials and the 60-day extension of time in which to conduct a criminal trial under Penal Code section 1382, both of which I first authorized in my order of March 23, 2020, are to be extended an additional 30 days. The total extension of 90 days shall be calculated from the last date on which the trial initially could have been conducted under Penal Code section 1382."

On April 28, 2020, defendant filed a motion to dismiss the information based on denial of his speedy trial rights under section 1382 and Government Code section 68115.

4

When the court did not respond, defendant attempted to calendar the motion to dismiss, but again received no response. After opposing the motion, the prosecutor also unsuccessfully attempted to have it set on calendar. Eventually, the court indicated "the motion has been forwarded for review" and on May 20, 2020, Judge Michael Bowman denied defendant's motion without a hearing, relying in part on an order of the Sacramento County Health Officer.

On June 11, 2020, defendant filed a petition for writ of mandate requesting emergency relief from the trial court's denial of his motion to dismiss based on the denial of his right to a speedy trial. This court summarily denied the petition on June 22, 2020.

In the meantime, trial had been rescheduled to begin on June 22, 2020. On June 22, defendant agreed to plead no contest to the unlawful taking or driving a vehicle in exchange for the low term of 16 months, doubled to 32 months for his strike prior, which he also admitted.

On August 28, 2020, the trial court sentenced defendant to 32 months in prison in accordance with the plea agreement and dismissed the remaining charges in the interest of justice. The court imposed a $300 restitution fine, a $300 parole revocation restitution fine, which was stayed unless parole was revoked, a $30 court facilities assessment, a $40 court operations assessment, and a $4 emergency medical air transport fee. The court awarded defendant 316 days of actual credit plus 316 days of conduct credit for 632 total days of credit. Defendant timely appealed without a certificate of probable cause.

DISCUSSION

Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we have discovered a clerical error in the abstract of judgment. At sentencing, the trial court imposed a $4 emergency medical transport fee as authorized by Government Code section 76000.10,

5

subdivision (c)(1).[3]  The abstract of judgment, however, does not reflect the $4 fee.  We shall direct the clerk to amend the abstract of judgment to reflect the court's oral pronouncement of judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 [where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls].)

We find no other arguable error that would result in an outcome more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The clerk is directed to prepare an amended abstract of judgment reflecting the $4 emergency medical transport fee orally imposed during sentencing and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
Robie, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Krause, J.

---

[3]  Government Code section 76000.10, subdivision (c)(1) provides in relevant part: "For purposes of implementing this section, a penalty of four dollars ($4) shall be imposed upon every conviction for a violation of the Vehicle Code . . . ."